IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| TONYA A. STALLINGS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | *   No. 1:16CV00077-JJV |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Tonya Stallings, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-three years old at the time of the administrative hearing. (Tr. 105.) Ms. Stallings testified she went to the seventh grade in school. (*Id.*)

Plaintiff alleges she is disabled due to a combination of impairments. The ALJ[1] first found Ms. Stallings had not engaged in substantial gainful activity since December 31, 2012 – the alleged onset date. (Tr. 86.) The ALJ next determined Ms. Stallings has "severe" impairments in the form of degenerative disc disease of the lumbar spine and status post discectomy. (*Id.*) The ALJ further found Ms. Stallings did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 93-94.)

The ALJ determined Ms. Stallings had the residual functional capacity to perform a slightly reduced range of light work. (Tr. 89.) Ms. Stallings has no past relevant work, so utilizing the services of a vocational expert (Tr. 124-129), the ALJ determined whether jobs existed that Ms. Stallings could perform despite her impairments. The ALJ determined that Plaintiff was capable of performing the jobs of motel maid and cashier. (Tr. 93.) Accordingly, the ALJ determined Ms. Stallings was not disabled. (*Id.*)

In support of her Complaint, Plaintiff argues the ALJ erred by determining she had no "severe" mental impairment. (Doc. No. 15 at 6-9.) If these impairments were considered to be "severe," they would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

> is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review, I conclude Plaintiff's mental impairments do not amount to "severe" impairments. First, a diagnosis does not necessarily mean the impairment is "severe." Moreover, the ALJ very thoroughly considered the vocational impact of Plaintiff's mental limitations. (Tr. 87-88.) The ALJ properly relied on the Mental Diagnostic Evaluation performed by Vickie Caspall, Ph.D. (Tr. 559-564.) Dr. Caspall's evaluation did not reveal any significant mental limitation on Ms. Stalling's ability to perform work-related activities. To the contrary, Dr. Caspall's findings wholly support the ALJ's conclusion in this regard. And as the Commissioner points out, the state agency reviewing physicians all agreed that Ms. Stallings's mental issues were non-severe. (Tr. 142-143, 157-158, 173-174, 187-188.)

Plaintiff is reminded she had the burden of proving her disability. Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson*, 402 U.S. at 401; *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff clearly has some limitations. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 10th day of February, 2017.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE

4